UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HARTICON, | Case No. 2:18-cv-00277-KJM-DB |
| Plaintiff, | |
| v. | ORDER |
| U.S. BANK TRUST, N.A., et al., | |
| Defendants. | |

Mohammad Maaz, Esq., on behalf of JT Legal Group, APC moves for leave to withdraw as counsel for plaintiff William F. Harticon. Mot., ECF No. 21. The motion is unopposed. As explained below, the court DENIES the motion without prejudice.

I. LEGAL STANDARD

If withdrawal would leave a client in propria persona, Local Rule 182 requires the withdrawing counsel to seek leave of court, file a formal motion and provide notice of the withdrawal to the client and all other parties who have appeared. E.D. Cal. R. 182(d). The attorney must also provide an affidavit stating the current or last known address or addresses of the client and the attorney's efforts to notify the client of the motion to withdraw. *Id.* Withdrawal must comply with the Rules of Professional Conduct of the State Bar of California. *Id.*

Under California Rule of Professional Conduct 1.16(d), an attorney must "take[] reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel, and" returning the client's

materials, property and unearned fees and expenses. Courts consider several factors when evaluating a motion to withdraw, including the reasons for withdrawal, possible prejudice to the client and other litigants, harm to the administration of justice, and possible delay. *Deal v. Countrywide Home Loans*, No. 09-01643, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010) (citation omitted).

II. DISCUSSION

Here, the motion to withdraw consists entirely of Maaz's seven paragraph declaration. Maaz Decl., ECF No. 21-1. There, Maaz explains "[t]he Attorney / Client relationship has been compromised" because Harticon "has not been able to maintain his duties under the attorney client agreement" and has "breach[ed] [] the attorney client retainer agreement . . . ." *Id.* ¶ 2. Maaz then provides Harticon's address, indicates he informed Harticon of this motion and intends to serve Harticon with the moving papers by mail and email. *Id.* ¶¶ 3, 5−6.

Maaz has not provided the court with sufficient information to grant this motion. While a client's failure to satisfy financial obligations may justify withdrawal, Maaz does not indicate how long Harticon has been delinquent, nor does he attempt to describe, while maintaining his ethical obligations, the extent of the delinquency or his attempts to warn Harticon that continued delinquency will result in withdrawal. *See Wimbledon Fund SPC (Class TT) v. Graybox, LLC*, No. 215CV6633CASAJWX, 2017 WL 2841325, at *2 (C.D. Cal. June 30, 2017) (counsel sufficiently explained client's delinquency and counsel's attempts to discuss delinquency with client); *see also* Cal. R. Prof. Conduct 1.16 (withdrawal permissible where "client breaches a material term of an agreement with, or obligation, *[sic]* to the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation"). Moreover, Maaz does not explain when he last attempted to confirm Harticon's address, stating only that he "ha[s] no reason to believe that this address is not the Plaintiff's current address." *See id.* ¶ 3. Because granting this motion would result in Harticon's proceeding pro se, counsel should at least attempt to provide the court with Harticon's current address. To that end, and finally, Maaz provides no indication he has complied
/////

with California Rule of Professional Conduct 1.16(d), which requires that the withdrawing attorney "take[] reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client . . . ."

The court DENIES the motion without prejudice to a renewed motion addressing the court's concerns.

IT IS SO ORDERED.

DATED: February 27, 2019.

_____
UNITED STATES DISTRICT JUDGE