UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM F. HARTICON, | No. 2:18-cv-00277-KJM-DB |
| Plaintiff, | |
| v. | ORDER |
| U.S. BANK TRUST, N.A.; SUMMIT MANAGEMENT COMPANY, LLC; CALIBER HOME LOANS, INC.; and DOES 1 through 20[1], | |
| Defendants. | |

      Plaintiff William F. Harticon alleges defendants wrongfully foreclosed on and conducted a trustee's sale of his home. Removal Not., Ex. A, ECF No. 1-1, at 7–58. Defendants U.S. Bank Trust, N.A., as trustee for LSF9 Master Participation Trust, Summit Management Company, LLC and Caliber Home Loans, Inc., move to dismiss. Mot., ECF No. 12-1. Harticon opposed, Opp'n, ECF No. 15, and defendants replied, Reply, ECF No. 18. As explained below, the court GRANTS the motion.

---

[1] If defendants' identities are unknown when the complaint is filed, plaintiffs have an opportunity through discovery to identify them. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). But the court will dismiss such unnamed defendants if discovery clearly would not uncover their identities or if the complaint would clearly be dismissed on other grounds. *Id.* at 642. The federal rules also provide for dismissing unnamed defendants that, absent good cause, are not served within 90 days of the complaint. Fed. R. Civ. P. 4(m).

I. BACKGROUND

On September 6, 2007, Harticon borrowed $320,000 from Homecomings Financial, LLC and executed a promissory note and deed of trust to finance his purchase of real property commonly known as 1818 Mercury Way, Sacramento, CA 95864. *See* Compl. ¶ 17; Deed, Compl. Ex. A. On January 23, 2012, Harticon filed a voluntary petition for Chapter 13 bankruptcy protection.[2] Defs.' Req. for Judicial Notice ("RJN"), ECF No. 13, Ex. B, ECF No. 13-2. On March 13, 2012, after the trustee objected to confirmation of Harticon's Chapter 13 plan and moved to dismiss the case, RJN Ex. C, ECF No. 13-3, Harticon filed a request for voluntary dismissal of his bankruptcy petition, RJN Ex. D, ECF No. 13-4.

On February 22, 2012, an assignment of the deed of trust substituting GMAC Mortgage, LLC ("GMAC") as assignee under the deed of trust was recorded, though Harticon was not notified of the substitution. Compl. ¶ 19 & Ex. B. In October 2012, Harticon filed another voluntary petition for Chapter 13 bankruptcy, RJN Ex. E, ECF No. 13-5, and in December 2012, GMAC filed a proof of claim, RJN Ex. F, ECF No. 13-6. GMAC attached Harticon's loan modification agreement effective September 1, 2009 to its proof of claim. RJN Ex. F at 30-34.

GMAC assigned the deed of trust to Ocwen Loan Servicing, LLC in May 2013. RJN Ex. H, ECF No. 13-8. Ocwen then filed a September 2013 amended proof of claim in Harticon's bankruptcy action, attaching Harticon's loan modification agreement effective September 1, 2014. RJN Ex. I, ECF No. 13-9. In March 2016, the trustee in Harticon's second bankruptcy action filed a motion to dismiss the case, citing Harticon's $900 delinquency. RJN Ex. J, ECF No. 13-10. The bankruptcy court granted the motion to dismiss on April 21, 2016. RJN Ex. K, ECF No. 13-11.

At some point in 2016, Harticon fell behind on his mortgage payments. Compl. ¶ 18. On April 12, 2016, Caliber offered Harticon a Trial Payment Plan (TPP), which required Harticon to make payments of $1,539.47 on June 1, July 1 and August 1, 2016. RJN Ex. L, ECF No. 13-12; *see* Compl. ¶¶ 53–54 (referring to a TPP). The TPP was signed by Harticon on May

---

[2] *See* 11 U.S.C. §§ 1301-1330.

2

24, 2016 and a fax cover sheet indicates Harticon sent the signed TPP to Caliber on May 26, 2016. RJN Ex. L. Meanwhile, on July 20, 2016, another assignment of the deed of trust was recorded, this time substituting U.S. Bank Trust, N.A., as trustee for LSF9 master participation trust. Compl. ¶ 20 & Ex. C. On September 21, 2016, Summit Management Company, LLC ("Summit") was substituted as trustee under the deed of trust. RJN Ex. M, ECF No. 13-13.

On September 23, 2016, Summit[3] recorded a notice of default and election to sell under deed of trust, indicating Harticon was $44,935.75 behind in mortgage payments. Compl. ¶ 21 & Ex. D. A declaration attached to this notice, dated September 12, 2016[4] and signed by Melissa Zubrod on behalf of Summit, indicated Summit "exercised due diligence to contact the borrower [on June 7, 2016] pursuant to California Civil Code § 2923.55(f) but has not made contact despite such due diligence." Compl. ¶ 21 & Ex. D. Harticon alleges he would have qualified for a permanent loan modification had he been reviewed, but no such review was conducted. Compl. ¶ 21. On December 21, 2016, Summit recorded a notice of trustee's sale indicating Harticon's property would be sold on January 24, 2017. *Id.* ¶ 22 & Ex. E.

On January 23, 2017, Harticon filed his third voluntary petition for Chapter 13 bankruptcy protection. RJN Ex. N, ECF No. 13-14. Harticon filed schedules on February 7, 2017 stating he had no claims against third parties, and had no contingent or unliquidated claims. RJN Ex. O, ECF No. 13-15, at 8 ¶¶ 33, 34. He did not indicate the mortgage loan at issue here was disputed. *Id.* at 12 ¶ 2.1. On March 10, 2017, the trustee moved to dismiss Harticon's third bankruptcy action citing Harticon's non-payment to date, failure to file tax returns and failure to provide proof of his Social Security Number. RJN Ex. P, ECF No. 13-16. The bankruptcy court closed the case on July 28, 2017. RJN Ex. R, ECF No. 13-18. On August 29, 2017, Harticon's property was sold at a public auction. Compl. ¶ 23 & Ex. F (trustee's deed upon sale recorded September 1, 2017).

---

[3] Harticon's alleges Caliber executed and recorded this notice, but his Exhibit D indicates Summit executed and recorded the notice.

[4] Harticon alleges the declaration is dated "April 24, 2017," but this allegation is inconsistent with the exhibit he provides.

3

Harticon then sued the defendants alleging breach of contract, breach of the implied covenant, negligence, violation of California Civil Code § 2923.55, a request for declaratory relief, violation of California Civil Code § 2937, violation of California Civil Code § 2923.7, and unfair competition in violation of California Business & Professions Code § 17200 (UCL).

II.  LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to survive a motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Ultimately, the inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In making this context-specific evaluation, this court must construe the complaint in the light most favorable to the plaintiff and accept as true the factual allegations of the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). This rule does not apply to "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986) *quoted in Twombly*, 550 U.S. at 555, nor to "allegations that contradict matters properly subject to judicial notice" or to material attached to or incorporated by reference into the complaint, *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988–89 (9th Cir. 2001). A court's consideration of documents attached to

a complaint or incorporated by reference or matter of judicial notice will not convert a motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003); *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *compare Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) (noting that even though court may look beyond pleadings on motion to dismiss, generally court is limited to face of the complaint on 12(b)(6) motion).

III. DISCUSSION

    A. Judicial Notice

Defendants request the court take judicial notice of documents recorded in the Sacramento County Recorder's Office and documents filed in Harticon's various bankruptcy cases. The request is unopposed.

A court may judicially notice a fact not subject to reasonable dispute because it: "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Courts frequently take judicial notice of matters of public record in resolving motions to dismiss concerning mortgage disputes. *Withers v. J.P. Morgan Chase Bank N.A.*, No. C 14-0351 SBA, 2014 WL 3418367, at *3 (N.D. Cal. July 11, 2014) (citing *Kelley v. Mortgage Electronic Registration Systems, Inc.*, 642 F. Supp. 2d 1048, 1052–53 (N.D. Cal. 2009)). Further, courts may judicially notice the existence of statements within bankruptcy filings as matters of public record, though not necessarily the truth of the contents of those statements, in resolving a motion to dismiss. *Gilliland v. Chase Home Fin., LLC*, No. 2:14-cv-2834 JAM AC, 2015 WL 2345404, at *3 (E.D. Cal. May 14, 2015); *see Lee v. Cty. of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) ("[A] court may not take judicial notice of a fact that is 'subject to reasonable dispute.'") (quoting Fed. R. Evid. 201(b)). Accordingly, the motion is GRANTED to the extent the court may properly take notice.

    B. Breach of Contract

"To allege a cause of action for breach of contract, a plaintiff must allege, '(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and

(4) the resulting damages to plaintiff.'" *Bushell v. JPMorgan Chase Bank, N.A.*, 220 Cal. App. 4th 915, 921 (2013) (quoting *Reichert v. General Ins. Co.*, 68 Cal. 2d 822, 830 (1968)).

> Paragraph 22 of the deed of trust provides, in relevant part:
>
> Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property.

Deed at 40. Harticon alleges defendants breached the contract when they did not provide him with notice "after his first missed payment" and "moved forward with foreclosure despite failing to properly notify [him]." *Id.* ¶¶ 28–30. Harticon also alleges he relied on defendants' "representations that they would not move forward with the non-judicial sale" but "moved forward with the . . . sale despite their representations to the contrary without further notice to Plaintiff." *Id.* ¶¶ 34, 39–41.

Harticon does not respond to Caliber's argument that Caliber is not party to the Deed and therefore cannot be sued for breaching the deed. *See* Mot. at 14; *see also Batuhan v. Assurity Fin. Servs., LLC*, No. 15-CV-04526-WHO, 2015 WL 7776470, at *3 (N.D. Cal. Dec. 3, 2015) (dismissing breach of contract claim where plaintiff did not plausibly allege contractual relationship with defendant servicer who was not party to deed of trust; collecting cases reaching same conclusion). The court construes Harticon's silence as a concession.

Harticon's claim does not survive as to the remaining defendants. He argues that Caliber's September 23, 2016 notice of default did not satisfy the requirements of paragraph 22 of the Deed, but provides no explanation for his position. *See* Opp'n at 10; Compl. Ex. D. The Notice of Default explains (1) Harticon's payments were $44,935.75 past due; (2) Harticon could cure the default by paying the past due amount with costs and expenses "within the time permitted by law for reinstatement of [his] account, which is normally five business days prior to the date set for sale"; and (3) that upon expiration of a 90-day period, absent a separate written agreement between

the parties, Harticon would "have only the legal right to stop the sale of [his] property by paying the entire amount demanded by [his] creditor." Compl. Ex. D at 49−50. This appears to satisfy each of paragraph 22's requirements. Further, Harticon does not dispute receiving the September 2016 notice of default, but instead "alleges that he received no notice of acceleration of his loan prior to the recording of the Notice of Default on the Subject Property." Opp'n at 10. He provides no support for his contention defendants were required to provide him with a separate notice "prior to recording the Notice of Default." *See id.* His claim defendants were required to notify him of his default upon his first missed payment is also unsupported. *See* Compl. ¶ 28. The relevant language requires notice only "prior to acceleration following Borrower's breach . . ." and Harticon has not sufficiently alleged any breach of that agreement. *See* Deed at 40; *see also Crumley v. U.S. Bank Nat'l Ass'n*, No. 5:17-CV-07144-HRL, 2018 WL 984864, at *6 (N.D. Cal. Feb. 20, 2018) (rejecting similar claim upon review of similar contractual language).

Further, Harticon admits he stopped making mortgage payments and thus breached the deed of trust; he makes no attempt to allege his nonperformance was excused. *See* Compl. ¶¶ 18, 28. Apart from conclusory allegations, he does not allege how he was damaged or whether he would have been able to cure the default if notified according to his expectations. *See id.* ¶ 33 (alleging "extreme emotional distress due to the actions and inactions of Defendants described above"); *id.* ¶ 36 (alleging damage by "the loss of a permanent modification, back dues and interest . . . , los[ing] the opportunity to pursue other foreclosure prevention options, the cost and expense of the instant pending litigation, and other actual and consequential damages that will be proven on date of trial"). These allegations are insufficient and warrant dismissal. *See Powell v. Wells Fargo Home Mortg.*, No. 14-CV-04248-MEJ, 2017 WL 840346, at *13 (N.D. Cal. Mar. 3, 2017); *Lewis v. U.S. Bank Nat'l Ass'n*, No. 16-CV-05490-JSW, 2017 WL 2903192, at *9 (N.D. Cal. Apr. 5, 2017).

Finally, Harticon provides only vague and conclusory allegations regarding defendants' representations on unspecified dates that they would not foreclose on his property. *See* Compl. ¶¶ 32, 34, 39–41. With these allegations, Harticon has not sufficiently alleged a contract, much less a breach of contract. Rather, as pled, defendants' alleged misrepresentations create only

confusion, making it difficult to determine how Harticon relied on defendants' representations they would not act on his default or accelerate his loan without notifying him of his default in the first place.

Because Harticon has declined to address these deficiencies in his opposition, he provides the court with little basis for finding he could cure the defects through amendment. Nonetheless, in light of Rule 15's liberal amendment policy, the claim is DISMISSED with leave to amend, if Harticon can amend while complying fully with Federal Rule of Civil Procedure 11.

### C. Breach of Implied Covenant of Good Faith And Fair Dealing

"A claim for breach of the implied covenant of good faith and fair dealing requires the same elements [as a claim for breach of contract], except that instead of showing that defendant breached a contractual duty, the plaintiff must show, in essence, that defendant deprived the plaintiff of a benefit conferred by the contract in violation of the parties' expectations at the time of contracting." *Levy v. JP Morgan Chase*, No. 10CV1493 DMS (BLM), 2010 WL 4641033, at *3 (S.D. Cal. Nov. 5, 2010); Judicial Council of Cal. Civil Jury Instruction No. 325 (plaintiff must prove defendant "unfairly interfered with [plaintiff's] right to receive the benefits of the contract").

Harticon's breach of the implied covenant of good faith and fair dealing claim is an almost verbatim re-pleading of his breach of implied contract claim. *Compare* Compl. ¶¶ 26–42, *with id.* ¶¶ 43–50. The claim is insufficient for the same reasons Harticon's breach of contract claim is insufficient. *See Kaurloto v. U.S. Bank, N.A.*, No. 16-CV-06652-JFW-GJSX, 2016 WL 6808117, at *6 (C.D. Cal. Nov. 17, 2016) (dismissing breach of implied covenant claim against loan servicer who was not party to loan agreement or deed of trust); *Crumley*, 2018 WL 984864, at *6−7 (dismissing simultaneously breach of contract and breach of implied covenant claims for insufficient pleading). The claim is DISMISSED with leave to amend if amendment is possible.

### D. Negligence

To state a claim for negligence, a plaintiff must allege "(1) the defendant owed the plaintiff a duty of care, (2) the defendant breached that duty, and (3) the breach proximately caused the plaintiff's damages or injuries." *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 62 (2013).

Harticon alleges defendants negligently proceeded with foreclosure despite representing foreclosure would not take place "during the loan modification process or during the term of the Trial Payment Plan [TPP] . . . ." Compl. ¶ 53. He also alleges defendants "failed to properly review and perform under the conditions of the TPP offer." *Id.* ¶ 54. But the complaint makes only passing, vague and inconsistent references to modification requests and a TPP without clearly alleging when Harticon applied for a modification or secured a TPP or what the terms of any such TPP were. *See* Compl. ¶ 21 (alleging, if evaluated, Harticon would "qualify for a permanent modification as an alternative to foreclosure"); *id.* ¶ 37 (alleging Harticon contacted "Defendants" in 2017 "seeking a repayment plan option," without elaborating); *id.* ¶ 58 (alleging plaintiff sought repayment plan option in 2016, again without elaborating); *id.* ¶ 81 (alleging "Plaintiffs [sic] contacted [] Caliber" on an unspecified date "to inquire about the status of their [sic] loan modification application"). These allegations are insufficient.

Further, the court has judicially noticed Caliber's April 12, 2016 TPP offer to Harticon. RJN Ex. L. The TPP required Harticon to make payments of $1,539.47 on the first of June, July and August of 2016 to secure a modification. *Id.* at 3–4. Defendants also provide an "Acknowledgment" form dated May 24, 2016 and signed by Harticon that indicates his agreement to the TPP terms. *Id.* at 6–7. Nowhere in his complaint or opposition does Harticon acknowledge the existence of the TPP, much less dispute its terms. With judicially noticeable facts indicating Harticon's final TPP payment was due on August 1, 2016, *see id.*, and without any allegation Harticon made the qualifying TPP payments or pursued another modification, Harticon has not sufficiently alleged defendants negligently proceeded with foreclosure by recording a notice of default on September 23, 2016, *see* Compl. Ex. D. Rather, it appears there was no pending modification application or TPP plan in place when defendants began the foreclosure process by filing the notice of default. Harticon's refusal to address the issue cannot save his claim. *See* Opp'n at 11–12 (repeating generalized allegations in complaint without acknowledging defendants' argument or deficient allegations). In the event amendment is possible, the claim is DISMISSED with leave to amend.

/////

### E. California Civil Code § 2923.55

Thirty days before recording a notice of default, California Civil Code § 2923.55(a) requires a servicer to contact the borrower to assess the borrower's financial situation and explore foreclosure alternatives. Cal. Civ. Code § 2923.5(a). The notice of default must include a declaration attesting to the servicer's due diligence in contacting the borrower. *Id.* § 2923.55(c). If the servicer sent the borrower a letter with the HUD-certified telephone number, unsuccessfully attempted to contact the borrower by phone on three separate days at different times of day, and sent a certified letter to the borrower two weeks after its unsuccessful telephone calls, the servicer may declare it exercised "due diligence" but was unable to contact the borrower. *Id.* § 2923.55(f).

Harticon alleges defendants did not comply with § 2923.55 because although the September 23, 2016 notice of default contained a declaration stating the servicer satisfied its due diligence requirements on June 7, 2016, the "pre-printed declaration was false" because Harticon was not reviewed for a loan modification and would have qualified for modification if he had been reviewed. Compl. ¶¶ 57, 62; *see id.* Ex. D at 52 (declaration);[5] *see also* Compl. ¶ 64 (alleging contradictorily that § 2923.55 declaration "has not even been attached or referenced").

Defendants do not explain how Caliber satisfied its § 2923.55 obligation to notify Harticon of foreclosure alternatives on June 7, 2016 when Harticon was scheduled to make his first TPP payment on June 1, 2016. *See* Defs.' RJN Ex. L. Put differently, even assuming Harticon did not make the first TPP payment on June 1, thus voiding the offer, Caliber could not possibly have complied with § 2923.55 by June 7 by sending Harticon a letter, making three phone calls on three separate dates and, two weeks after making those phone calls, sending Harticon another letter. *See* Cal. Civ. Code § 2923.55(f). Further, it makes little sense that Caliber would have attempted to contact Harticon to explore foreclosure alternatives before June 1 because Caliber's TPP offer, itself a foreclosure alternative, remained outstanding at that point.

/////

---

[5] Although Harticon alleges the notice of default is attached to his complaint as Exhibit E, Compl. ¶ 57, it is attached as Exhibit D. Exhibit E is the December 21, 2016 notice of trustee's sale. *See* Compl. Ex. E at 53–55.

Nonetheless, Harticon has not sufficiently alleged he was injured by Caliber's alleged failure to attempt to contact him to explore foreclosure alternatives. *See Travis v. Nationstar Mortg., LLC*, No. 16-55388, 2018 WL 2093321, at *1 (9th Cir. May 7, 2018) (affirming dismissal of claims under California Civil Code §§ 2923.55 and 2924.17 where plaintiffs did not allege "how the inaccurately completed due diligence form itself could have caused [plaintiffs] injury" or "if any accurately completed due diligence form . . . would have had a different legal or factual consequence in the foreclosure process from the one that was attached") (emphasis omitted). In light of the TPP offer Harticon neglects to acknowledge in his complaint or opposition, his conclusory allegation he would have "qualif[ied] for a permanent modification as an alternative to foreclosure" is insufficient. *See id.* ¶ 57; *see also* Mot. at 21–22 (arguing Harticon's bankruptcy filings indicate he could not have afforded any modification). The claim is DISMISSED with leave to amend, here as well if amendment is possible.

F. California Civil Code § 2924.12

California Civil Code § 2924.12 permits a borrower to seek injunctive relief to enjoin certain material HBOR violations "[i]f a trustee's deed upon sale has not been recorded." Cal. Civ. Code § 2924.12(a)(1). Once a trustee's deed upon sale is recorded, "actual economic damages pursuant to Section 3281" are available. *Id.* § 2924.142(b).

Here, Harticon alleges defendants are in material violation of California Civil Code §§ 2923.55 and 2923.7 and seeks an "[i]njunction prohibiting any further sale of Subject Property." Compl. ¶ 67; *id.* at 26 (prayer for relief). Because a trustee's deed upon sale has been recorded, *id.* ¶ 23 & Ex. F (trustee's deed upon sale), Harticon may not pursue injunctive relief under California Civil Code § 2924.17. *See Cornejo v. Ocwen Loan Servicing, LLC*, 151 F. Supp. 3d 1102, 1110 (E.D. Cal. 2015).

Harticon opposes the motion to dismiss, but his argument is unclear. *See* Opp'n at 9 (arguing in part court should not dismiss claim "[u]ntil extensive discovery is performed to determine the additional extent of Defendants' actions regarding this loan"). Because a trustee's deed upon sale has been recorded, amendment would be futile. Accordingly, the § 2924.12(a) claim is DISMISSED but without leave to amend.

11

G.   California Civil Code § 2937

Harticon's opposition does not address defendant's motion to dismiss his § 2937 claim. *See* Opp'n at 2–3 (noting in summary of facts that Harticon alleges defendants violated § 2937 but providing no argument in defense of claim). The court therefore considers the claim abandoned and DISMISSES it with leave to amend.

H.   California Civil Code § 2923.7

Upon the borrower's request, California Civil Code § 2923.7 requires a servicer to appoint a single point of contact ("SPOC") to address a loan modification application. Cal. Civ. Code § 2923.7. Harticon alleges he requested but did not receive a SPOC. Compl. ¶¶ 79–81. He does not allege when he requested a single point of contact. And despite bringing this claim against "all defendants," he specifically identifies only Caliber as the offending actor. *See Tobin v. Nationstar Mortg., Inc.*, No. 216CV00836CASASX, 2016 WL 1948786, at *11 (C.D. Cal. May 2, 2016) (noting § 2923.7 imposes obligations only on loan servicers to appoint a SPOC). Most importantly, plaintiff does not adequately allege how Caliber's alleged failure to appoint a single point of contact materially affected him. Instead, he provides only conclusory allegations: "Plaintiffs [sic] were harmed due to Defendant Caliber Home Loans' failure to provide a SPOC because they were not afforded the rights and benefits provided by § 2923.7." Compl. ¶ 82. He alleges, for example, he was not provided with a SPOC who could "[c]ommunicate[] the [modification application] process," but does not allege he was confused by the process or would have benefited from such communication. *Id.* Moreover, because Harticon was offered a TPP, *see* RJN Ex. L, the court is skeptical Harticon can allege Caliber's failure to appoint a SPOC is material. Nonetheless, in light of Rule 15's liberal amendment policy and because Harticon's allegations may be clearer if supported by necessary facts, the claim is DISMISSED with leave to amend.

I.   California Business & Professions Code § 17200 (UCL)

Harticon incorporates by reference each fact alleged in his complaint and alleges these "acts and omissions" constitute "unfair competition" and caused plaintiff unspecified "substantial irreparable harm." Compl. ¶¶ 84, 86–89. Putting aside the fact that Harticon makes

no attempt to describe which acts alleged in his complaint are unfair or why they are unfair, as discussed above, Harticon's complaint does not sufficiently allege facts to support its claims, and his UCL claim is likewise flawed. The UCL claim is DISMISSED with leave to amend.

J.  Further Amendment

Whether attributable to an untailored template or other oversights, Harticon's complaint is almost entirely devoid of concrete factual allegations. For example, although Harticon provides a detailed history of the Home Affordable Modification Program and California's Homeowner Bill of Rights, Harticon never clearly alleges when he applied for a loan modification or whether his application was successful. His complaint inexplicably alleges a foreclosure sale is "currently scheduled for January 8, 2018" despite attaching a trustee's deed upon sale indicating the home was sold on August 29, 2017. The complaint refers to Harticon as "he," "she," "plaintiff" and "plaintiffs," as does his opposition. Any amended complaint should address these deficiencies, as well as the substantive problems identified above.

IV.  CONCLUSION

The motion is GRANTED. The court dismisses the § 2924.12(a) claim without leave to amend and all other claims with leave to amend. Any first amended complaint shall be filed within twenty-one (21) days of the date of this order.

IT IS SO ORDERED.

DATED: March 4, 2019.

_____
UNITED STATES DISTRICT JUDGE